
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | C O M P L A I N T |
| CADDELL CONSTRUCTION CO., INC. | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action brought under Title I of the Americans with Disabilities Act of 1990 ("ADA"), *as amended* by the Americans with Disabilities Act Amendments Act of 2008 (hereinafter "the ADAAA"), and the Civil Rights Act of 1991, against Defendant, Caddell Construction Co., Inc. (hereinafter "Defendant" or "Caddell"). All references to the ADA include the ADA, *as amended*. The actions at issue occurred after January 1, 2009 and are, therefore, covered by the ADAAA.

This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief for Patricia Pittman ("Pittman") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission alleges Defendant refused to provide Pittman with a reasonable accommodation of her disability and discharged her because of her disability in violation of ADA provisions 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, *as amended* ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Florida, Pensacola Division.

**PARTIES**

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Caddell Construction Co., Inc.. (the "Employer"), has continuously been an Alabama corporation doing business in the State of Florida and the City of Valparaiso, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Pittman filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Pittman is an individual with a disability as defined by the ADA as amended by the ADA Amendments Act of 2008. She has a physical impairment that substantially limits several major life activities, including walking, standing, and the function of her musculoskeletal system.

9. Since at least June 2009, Defendant Employer engaged in unlawful employment practices at its facility at Eglin Air Force Base located near Valparaiso, Florida by failing to reasonably accommodate Pittman in violation of the ADA. 42 U.S.C. § 12112(b)(5)(A).

    (a) On or about February 2, 2009, Defendant hired Pittman for the position of Office Manager.

    (b) On or about April 27, 2009, Pittman suffered a fracture to her right tibial plateau that required surgery.

    (c) Between her hire and the date of her injury, Pittman had maintained a good work record and successfully performed the duties of an office manager at or above her employer's reasonable expectations.

    (d) Pittman underwent surgery following her injury and began physical therapy at home.

    (e) On or about May 12, 2009, Pittman provided Defendant with her

doctor's release permitting her to return to work on light duty. Defendant and Pittman agreed that she would return on June 2, 2009.

(f)     On June 1, 2009, Ms. Pittman requested an accommodation in the form of a wheelchair ramp to allow her to enter the double-wide trailer in which her office was housed.   Ms. Pittman's direct supervisor told her that a ramp could be constructed.

(g)     On June 3, 2009, Defendant discharged Ms. Pittman.

(h)      Ms. Pittman opposed her termination and informed Defendant that she could perform her duties if she was accommodated with a wheelchair ramp to enter the office trailer, and by using crutches and a walker.

(i)     Defendant requested that Charging Party obtain a work release from her doctor using Defendant's release form.

(j)     On or about June 11, 2009, Charging Party provided a second work release from her doctor.

(k)     On or about June 15, 2009, Charging Party went to her office. Shortly after she arrived, Defendant ratified her termination because she had not been fully released to work, and because her medical restrictions prevented her from performing her duties.

(l)     Defendant failed to interact with Pittman to determine whether a reasonable accommodation would have allowed her to perform the essential functions of her job.

10.     On or about June 3, 2009, Defendant Employer engaged in unlawful employment practices at its facility at the Eglin Air Force Base located near Valparaiso, Florida, by intentionally discharging Pittman because of her disability in violation of the Act. 42 U.S.C.

§12112(a).

    (a)    Plaintiff hereby incorporates by reference Paragraphs 9(a) through (l) above.

    (b)    On June 3, 2009, Defendant discharged Pittman because of her disability notwithstanding that Pittman was able to perform her job, and Defendant knew that Pittman could perform her job with accommodations, or would have known she could perform her job if Defendant had discussed possible accommodations with Pittman.

    (c)    On June 15, 2009, after Pittman had returned to work, Defendant ratified her termination.

    (d)    Defendant's stated reason for terminating Pittman was because she was physically unable to perform the requirements of her job, and because she had not been fully released to work by her physician.

11.    The effect of the practices complained of in Paragraphs 9 and 10 has been to deprive Pittman of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

12.    The unlawful employment practices complained of in Paragraphs 9 and 10 were intentional.

13.    The unlawful employment practices complained of in Paragraphs 9 and 10 were done with malice or with reckless indifference to the federally protected rights of Pittman.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its offers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from failing to reasonably accommodate disabled employees, and discharging employees because they are disabled.

B.     Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including the requirement that Defendant adopt a training program to train its managers, supervisors and employees on preventing and avoiding disability discrimination in the workplace.

C.     Order Defendant Employer to make whole Patricia Pittman by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Employer to make whole Patricia Pittman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above including, but not limited to, job search expenses, medical expenses, health and retirement benefits, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Patricia Pittman by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above including, but not limited, to emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Patricia Pittman punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

G. Order Defendant Employer to provide Patricia Pittman appropriate equitable relief, in the form of reinstatement and/or an appropriate award of front pay.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this the 29th day of September 2011.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

/s/ C. Emanuel Smith
_____
C. Emanuel Smith (MS 7473)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2045

Fax: (205) 212-2041
emanuel.smith@eeoc.gov

/s/ Julie Bean
_____
Julie Bean (DC 433292)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2067
Fax: (205) 212-2041
julie.bean@eeoc.gov

/s/ Ylda Kopka
_____
Ylda Marisol Kopka (IL 6286627)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2062
Fax: (205) 212-2041
ylda.kopka@eeoc.gov