IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

      v.                                      Case No.: 3:11cv472-RV/EMT

CADDELL CONSTRUCTION CO., INC.,

      Defendant.
_____/

**ORDER**

During the time relevant here, the plaintiff, Equal Employment Opportunity Commission ("EEOC"), and defendant, Caddell Construction Co., Inc., ("Caddell"), were engaged in negotiations to settle an administrative discrimination claim filed by a former Caddell employee, Patricia Pittman. Caddell maintains that the parties had reached a conciliation agreement, pursuant to which the EEOC agreed not to file suit arising out of the alleged discrimination. When the EEOC subsequently filed this case "to correct unlawful employment practices . . . and to provide appropriate relief for Patricia Pittman," Caddell filed its answer and now moves for judgment on the pleadings under Rule 12(c), arguing that the conciliation agreement is binding and precludes this litigation (doc. 16). The EEOC opposes the motion on the ground that the parties never reached a final agreement, but were, instead, merely engaged in settlement negotiations.

Similar to motions for summary judgment, "[j]udgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law." Mergens v. Dreyfoos, 166 F.3d 1114, 1117 (11th Cir. 1999). The facts as alleged in the complaint must be taken as true and viewed in the light most favorable to the non-moving party. Id.

Although it presents a close call, with the above standard of review in mind, and in light of the EEOC's response in opposition, Caddell's motion must be denied. On one hand, based on the motion and exhibits attached thereto, there is a strong argument to make that the parties had, in fact, reached an agreement on the major terms and conditions of the settlement (most significantly, the monetary amount), subject only to Caddell "quickly" reviewing the paperwork before finalizing it; and therefore, the EEOC should be estopped from contending otherwise. However, on the other hand, because the agreement was unsigned, there does not appear to be conclusive <u>objective</u> evidence of a final agreement.[1] Because of this disputed issue of material fact, judgment on the pleadings is not appropriate.

Caddell's motion for judgment on the pleadings (doc. 16) must be, and is, therefore DENIED.

DONE and ORDERED this 9th day of April, 2012.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge

---

[1] "'We thus apply the principle, followed in Florida, known as the 'objective theory of contactual intent.'" <u>Racal-Datacom Inc. v. Insurance Co. of N. America</u>, 1998 WL 1173527, at *4 (S.D. Fla. Feb. 11, 1998) (citation omitted). This theory of contract, as perhaps best expressed by the late Justice Holmes, provides that: "'The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs --- not on the parties having meant the same thing but on their having <u>said</u> the same thing.'" <u>Id.</u> (quoting Holmes, The Path of the Law, 10 Harv. L. Rev. 457 (1897)) (emphasis supplied).

*Case No.: 3:11cv472-RV/EMT*