IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. 3:11-cv-00472-RV-EMT<br>) |
| v. | )<br>) |
| CADDELL CONSTRUCTION CO., INC., | )<br>) |
| Defendant. | ) |

## CONSENT DECREE

### I. INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") brought this action against Defendant Caddell Construction Co., Inc. (hereinafter referred to as "Caddell" or "Defendant") under Title I of the Americans with Disabilities Act of 1990 ("ADA") *as amended* by the Americans with Disabilities Act Amendments Act of 2008 (hereinafter "the ADAAA"), and Title I of the Civil Rights Act of 1991. The EEOC alleges that Caddell discriminated against Patricia Pittman (hereinafter referred to as "Charging Party") by terminating her employment because it regarded her as disabled. Defendant denies these allegations and claims it terminated the Charging Party because her physical impairments prevented her from performing the essential functions of her job.

A. This Consent Decree is entered into by the EEOC and Defendant Caddell. This Consent Decree shall be final and binding between the EEOC and Defendant Caddell Construction Co. Inc. (hereinafter referred to as "Defendant" or "Caddell").

B. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of the Americans with Disabilities Act. This Consent Decree does not affect any other administrative charges pending with the EEOC or any cases currently pending in court other than the case specifically referenced in this paragraph. Any separate settlement agreement executed between Pittman individually and Defendant Caddell shall not supersede the terms of this Decree.

## II. GENERAL PROVISIONS

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

C. This Court has jurisdiction over the parties and the subject matter of this action.

D. The terms of this Consent Decree are binding only in favor of and against Caddell Construction, Co., Inc.

E. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 3:11-cv-00472-RV-EMT.

F. This Consent Decree shall be filed in the United States District Court for the Northern District of Florida and shall continue to be in effect for a period of two (2) years from the date of entry of this decree. Any modification of this Consent Decree by any party must be made by motion to the Court.

G. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

H. This Consent Decree shall apply to Defendant Caddell and its operations at any facility or location.

I. Defendant Caddell shall comply fully with all provisions of the Consent Decree and the ADA. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant Caddell under the ADA or the EEOC's authority to process or litigate any charge of discrimination which may be pending or filed against Defendant Caddell in the future.

### III. NON-DISCRIMINATION

J. Defendant Caddell is enjoined from discriminating against employees or applicants in violation of the Americans with Disabilities Act. The prohibited practices include, but are not limited to, the following:

(1) Discriminating against a qualified individual with a disability on the basis of the disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment, including but not limited to employee leave and return from leave;

(2) Utilizing qualification standards, employment tests, or other selection criteria unless the standard, test, or other selection criteria is shown to be job-related for the position in question and consistent with business necessity;

(3) Refusing to provide a reasonable accommodation in accord with the Americans with Disabilities Act, as amended; and

(4) Retaliating against any employee for asserting rights under the ADA or engaging in other protected activity.

### IV. NON-RETALIATION

K. Defendant Caddell agrees that it will not engage in retaliation of any kind against any person in violation of the Americans with Disabilities Act because such person either:

(1) Opposed any practice made unlawful under the ADA;

(2) Contacted, or filed a charge of discrimination with, the Commission or a state agency in relation to the ADA, or testified, assisted or participated in any manner in any ADA-related investigation, proceeding, or hearing;

(3) Requested and/or received relief in accord with this Consent Decree;

(4) Participated in any manner in this action or in the EEOC investigation giving rise to this action;

(5) Participated in an internal investigation related to alleged violations of the ADA;

(6) or Asserted any rights under this Consent Decree.

Defendant Caddell further shall not coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.

## V. RELIEF TO THE CHARGING PARTY

L. Within ten (10) calendar days of Court approval of this Consent Decree in this action now pending in the United States District Court for the Northern District of Florida, Defendant Caddell shall pay monetary relief in the gross amount of $125,000 (one hundred twenty five thousand dollars) to Patricia Pittman for backpay and compensatory damages. This amount shall be paid in full settlement of all claims in this lawsuit which were the basis of the

4

EEOC Charge filed by the Charging Party (No. 425-2010-00172) and raised in the EEOC's Complaint. Payment shall be made by three (3) checks as follows: one check payable to Patricia E. Pittman in the amount of $37,500 (less withholding and applicable tax deductions) representing backpay; one check payable to Patricia Pittman in the amount of $37,500 representing non-wage damages; and one check payable to Odom & Barlow, P.A. in the amount of $50,000 representing attorneys fees and costs and mailed to Odom & Barlow, P.A.. Caddell will issue to Ms. Pittman applicable United States Internal Revenue Service forms in the manner required by law. Payment to Pittman shall be made after execution of a release and settlement agreement approved by Pittman and Caddell. The EEOC shall not be a party to such release or agreement.

Defendant Caddell shall mail a photocopy of the checks to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 – 22nd Street South, Suite 2000, Birmingham, Alabama 35205 at the time the checks are sent to Odom & Barlow, P.A.

## VI. **<u>GENERAL INJUNCTIVE RELIEF</u>**

M. Within sixty (60) calendar days after this Consent Decree is approved by the Court, Defendant Caddell shall develop and implement comprehensive policies and procedures to ensure that applicants and employees are not subject to discrimination made unlawful by the ADA. At a minimum, the policies and procedures shall contain and provide for the following:

(1) A requirement that Caddell managers, supervisors, and human resources employees be trained on the requirements of the ADA;

(2) Notice to applicants and employees (via the policies and procedures, and a poster displayed in a public area of each Caddell's facilities) of their rights under the ADA, including their right to a reasonable accommodation;

(3) Written notice to employees and applicants, in a document provided to them in conjunction with medical or disability leave taken for a condition lasting three or more days, of their rights under the ADA, including their right to a reasonable accommodation;

(4) A provision for disciplinary action, up to and including termination, that may be imposed on supervisors, managers and human resources employees who violate the ADA, this Consent Decree, or Caddell's ADA policies and procedures;

(5) A process for applicants and employees to seek a reasonable accommodation under the ADA;

(6) A process for applicants and employees to report complaints of ADA-related discrimination and retaliation;

(7) A system for the maintenance and retention of records related to employment-related medical evaluations and recommendations;

(8) A system for the maintenance and retention of records related to reasonable accommodation requests, including records reflecting consideration and evaluation of accommodation requests;

(9) A system for ensuring the dissemination to all Caddell employees of a copy of Caddell's ADA policy and procedures;

N. Defendant shall promptly and appropriately investigate all complaints of discrimination and retaliation under the ADA. The investigation shall include factual findings, a finding of whether discrimination occurred, interviews of all known or potential victims and key

witnesses, and credibility assessments. All witness interviews shall be memorialized with concurrent notes.

O. Prior to terminating an employee because he has or is perceived to have a physical or mental impairment that makes him unable to perform the essential job function(s), with or without a reasonable accommodation, Caddell shall advise the employee in writing of (i) the impairment Caddell contends the employee suffers, (ii) the essential job function(s) that Caddell believes the employee cannot perform as a result of the impairment, and, if applicable, (iii) the nature of the safety risk that he or she poses to his or herself or others as a result of the impairment. Caddell shall grant the employee a reasonable opportunity to submit additional information regarding the employee's ability to perform the essential job function(s), with or without a reasonable accommodation, which Caddell will consider prior to making a final employment decision.

P.     Within ninety (90) calendar days after this Consent Decree is entered by the Court, Caddell shall train supervisory, management, and human resources employees on the ADA, this Consent Decree, and Caddell's ADA policies and procedures. The training shall cover all aspects of the ADA including, but not limited to, the legal requirements of the ADA, circumstances under which employers may require medical examinations or make inquiries to physicians, background and reference checks, the definition and examples of a reasonable accommodation under the ADA, the interactive process as it relates to a request for a reasonable accommodation, resources for determining and identifying reasonable accommodations, procedures for providing reasonable accommodation to individuals with disabilities, and Caddell's internal ADA policy and procedures. The training also shall explain the steps employees should take to address requests for reasonable accommodations to individuals with

disabilities. The training will be repeated (with modifications to ensure its compliance with the law) once every twelve months after the first ADA training is completed. All newly hired managers, human resources employees and recruiters shall be required to complete this training within fourteen days of their start date, irrespective of their participation in the annual training.

      Q.    Caddell shall generate a registry containing signatures of all persons in attendance at each training session. Each registry shall be retained by Caddell for the duration of the Consent Decree.

      R.    All training materials and the registry shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within 30 days after each training session. Acceptance or review of these materials by EEOC shall not constitute approval of the said materials, but may be retained for compliance purposes.

## VII.  POSTING OF NOTICE

      S.    Defendant Caddell will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations.

      T.    Within ninety (90) calendar days after entry of this Decree, Defendant Caddell shall post 8½-inch-by-11-inch sized copies of a notice in the form of Exhibit A attached to this Consent Decree on all bulletin boards usually used by Defendant Caddell for announcements, notices of employment policy, or practice changes to employees, during the term of this Decree and at every location employee bulletins are posted and where applications are accepted.

## VIII. REPORTING

      U.    On an annual basis for the duration of the Decree, Defendant Caddell will provide the Birmingham District Office Regional Attorney a report on the training conducted under this

Decree. The Defendant Caddell will also maintain the following records during the period of this Decree:

 (1) ADA policies and procedures;

 (2) Medical inquiries or exams made of employees;

 (3) Requests for Accommodations and responses thereto;

 (4) All documents generated in connection with any complaint investigation, or resolution of every complaint involving allegations of violations of the ADA, including involving allegations related to medical exams, medical inquiries, discrimination or the request for or denial of a reasonable accommodation;

 (5) All materials used in training; and

 (6) Attendance lists for all training.

During the term of the Decree, EEOC staff may contact legal counsel or in house counsel for Defendant Caddell and solicit such additional information as required to properly monitor compliance with the Decree.

### IX. DISPUTE RESOLUTION

 V. In the event that either party to the Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance within fourteen (14) calendar days of discovery of the alleged non-compliance and shall afford the alleged non-complying party fourteen (14) calendar days thereafter to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party

9

that it has complied within fourteen (14) calendar days, the complaining party may apply to the Court for appropriate relief.

## X. COSTS AND ATTORNEY FEES

W.  Each party shall bear its own attorney's fees and costs incurred in this action up to the date of the entry of this Decree.

## XI. DURATION OF DECREE

X.  The duration of the Consent Decree shall be two (2) years from its entry by the Court. The Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which Defendant Caddell or the EEOC may petition this Court for compliance with the Consent Decree. Should the Court determine that either party has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered. Absent extension, the Consent Decree shall expire by its own terms at the end of two (2) years from the date of entry, without further action by the Parties.

The parties agree to the entry of the Consent Decree subject to final approval by the Court.

**IT IS SO ORDERED THIS THE 16th day of September, 2013.**

/s/ Roger Vinson
UNITED STATES DISTRICT JUDGE

COUNSEL FOR EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

P. DAVID LOPEZ
COMMISSION
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ C. Emanuel Smith*
C. EMANUEL SMITH
(MS Bar No. 7473)
Regional Attorney

JULIE BEAN
(D.C. Bar No. 433292)
Supervisory Trial Attorney

*/s/ Steven Murray*
STEVEN L. MURRAY
Senior Trial Attorney
[DC Bar # 379955]

MANEESH VARMA
Trial Attorney
(DC Bar No. 988521)

HARRIETT F. JOHNSON
Trial Attorney
(MS Bar No. 103149)

EQUAL EMPLOYMENT OPPORTUNITY

131 M. Street NE
Washington, D.C. 20507

Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Telephone: (205) 212-2045
Fax (205) 212-2041
Email: emanuel.smith@eeoc.gov

FOR CADDELL CONSTRUCTION COMPANY, INC.:

*[signature: Monte McKinney]*
AUTHORIZED SIGNATURE

MONTE MCKINNEY
Executive Vice President
2700 Lagoon Park Drive
Montgomery, AL 36109 USA
334-272-7723

## APPENDIX A - N O T I C E

## STATEMENT OF EEO POLICY

It is the policy of Caddell Construction Co., Inc., Inc. to offer employment opportunities to all qualified employees and applicants, regardless of race, age, sex, color, religion, national origin, or disability. There will be no discrimination in violation of the provisions of Title I of the Americans with Disabilities Act (ADA) of 1990, as amended; the Age Discrimination in Employment Act (ADEA) of 1967; Title VII of the Civil Rights Act of 1964, (Title VII), as amended; the Equal Pay Act (EPA) of 1963; or, the Genetic Information Nondiscrimination Act (GINA) of 2008.

Title I of the Americans with Disabilities Act of 1990, as amended, prohibits discrimination against qualified individuals with disabilities in all employment practices, including in hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment. In particular, the ADA requires employers to make reasonable accommodations for an employee's known disability, if doing so would not cause the employer an undue hardship. We wish to emphasize that it is Caddell Construction Co., Inc.'s fundamental policy to comply with the ADA, and to provide equal opportunity for disabled employees. All employees shall feel free to exercise their rights under this policy.

Caddell Construction Co., Inc. will not retaliate against employees who avail themselves of their rights under the ADA by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the Equal Employment Opportunity Commission. The EEOC is an agency of the U.S. government that enforces federal civil rights laws in the workplace, including the ADA. EEOC charges no fees and has employees who speak languages other than English.

The address and telephone number of the nearest office of the Equal Employment Opportunity Commission is:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**63 SOUTH ROYAL STREET, SUITE 504**
**MOBILE, ALABAMA 36602**
**251/690-2590**